**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0718-WJM

TIFFANY SCHUSTER,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration

    Defendant.

---

**ORDER VACATING ADMINISTRATIVE LAW JUDGE'S DECISION AND
REMANDING CASE TO COMMISSIONER**

---

    This is a social security benefits appeal brought under 42 U.S.C. § 405(g). Plaintiff Tiffany R. Schuster ("Plaintiff") challenges the final decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying her application for supplemental security income benefits. The denial was affirmed by an administrative law judge ("ALJ"), who ruled Plaintiff was not disabled within the meaning of the Social Security Act ("Act"). This appeal followed.

    For the reasons set forth below, the ALJ's decision denying Plaintiff's application for supplemental social security income benefits is vacated, and the case is remanded to the Commissioner for rehearing.

## I. BACKGROUND

    Plaintiff was born on May 14, 1963 and was 42 years old on the alleged disability onset date. (Admin. Record ("R.") (ECF No. 10) at 12, 22.) Plaintiff claimed disability due to reflex sympathetic disorder, fibromyalgia, acid reflux, bone spurs in her feet, back

pain, and swelling in her leg, hands and fingers. (R. at 12.) Plaintiff has a high school education and prior work experience as "a secretary, cashier, cafeteria cook, kitchen helper, fast food worker and teacher's assistant." (R. at 22.)

Plaintiff filed an application for supplemental security income on June 5, 2007, after having previously been denied benefits in 2005. (R. at 12, 251.) The application was denied on November 2, 2007 and, upon a request for a hearing, her claims were heard by ALJ Kathryn D. Burgchardt on December 16, 2009. (R. at 91.) The ALJ found that Plaintiff was not disabled and denied her claim on March 23, 2010. (R. at 100.) The Appeals Council remanded the case to the ALJ for re-hearing. (R. at 107.) The ALJ held a second hearing on May 30, 2012. (R. at 12.) Plaintiff and vocational expert Bruce Magnuson testified at the second hearing. (*Id.*)

On June 8, 2012, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[1] (R. at 12-24.) At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 12, 2007. (R. at 14.) At step two, she found that Plaintiff suffered from the severe impairments of "fibromyalgia; asthma; chronic obstructive pulmonary disease (COPD), affective disorder and prescription opiate use." (*Id.*) The ALJ did not find Plaintiff's reflex sympathetic disorder, migraines, gastroesopheageal reflux disease (GERD), bone

---

[1] The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988.) The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

spurs in feet, back pain, dental problems or swelling in legs, hands and fingers to be severe impairments. (*Id.*) At step three, the ALJ found that Plaintiff's impairments, while severe, did not meet any of the impairments listed in the social security regulations. (R. at 16.)

With respect to the Plaintiff's residual functional capacity ("RFC"), the ALJ found:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) with the following limitations: the claimant would require unskilled work with a specific vocational preparation (SVP) of one or two; should not work in close proximity to coworkers (meaning the individual could not function as part of a team); would require minimal to no direct contact with the public; could lift or carry ten pounds frequently and twenty pounds occasionally; could walk and/or stand (with normal breaks) for six hours in an eight hour workday; could sit for six hours (with normal breaks) in an eight hour workday; could perform pushing and pulling motions with her upper and lower extremities within the aforementioned weight restrictions; should avoid unprotected heights and moving machinery; should be restricted to a relatively clean work environment (meaning low levels of pollutants); could occasionally perform the postural activities of climbing, stooping, crouching, kneeling and crawling and should not climb ladders, ropes or scaffolds.

(R. at 17-18.)

Given the limitations in the RFC, at step four the ALJ found that Plaintiff could not perform past relevant work. (R. at 22.) At step five, the ALJ found that there were significant numbers of jobs in the national economy that Plaintiff could perform. (R. at 22.)

Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act and, thus, not entitled to benefits. (*Id.*) The Appeals Council denied Plaintiff's request for review. (R. at 1.) Thus, the ALJ's June 8, 2012 decision is the final administrative decision for purposes of review to the Court.

## II. STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*. "It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at1084. Evidence is not substantial if it is overwhelmed by other evidence in the record. *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). "On the other hand, if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## III. ANALYSIS

On appeal, Plaintiff raises three issues: (1) the ALJ did not properly weigh the physicians' medical opinions; (2) the RFC is not supported by substantial evidence or applicable law; and (3) the ALJ did not properly assess Plaintiff's subjective complaints of disabling limitations. (ECF No. 15 at 1.) Plaintiff's central argument is that the case should be remanded, because the ALJ did not have the benefit of Social Security Ruling ("SSR") 12-2p, Titles II and XVI: Evaluation of Fibromyalgia when rendering her decision. (*Id.* at 25.) The Commissioner argues that remand is not appropriate because: (1) "the ALJ's decision was consistent with SSR 12-2p"; and (2) "SSR 12-2p is a policy interpretation ruling rather than a policy change." (ECF No. 18 at 14 n.6.)

After the ALJ issued her decision, the Social Security Administration ("SSA") published SSR 12-2p to assist fact finders in evaluating fibromyalgia.  *See* SSR 12-2p, 2012 WL 3104869 (July 25, 2012).  "Generally, if an agency makes a policy change during the pendency of a claimant's appeal, the reviewing court should remand for the agency to determine whether the new policy affects its prior decision."  *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (quoting *Sloan v. Astrue*, 499 F.3d 883, 889 (8th Cir. 2007).  Policy interpretation rulings, such as SSR 12-2p, may also provide cause for remand where "the ALJ did not have the benefit of the Ruling when he arrived at his decision" and the court cannot determine whether the evidence in the record "could have led to a different result had the ALJ assessed it with reference to the new Ruling."  *Id.* (remanding case when an SSR clarifying existing policy was published after the ALJ announced his decision).

Once a claimant is determined to have an medically determinable impairment of fibromyalgia, at step three the ALJ must consider whether it "meets or equals one of [the SSA's] listings."  20 C.F.R. § 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404.1526(a).  Because fibromyalgia is not a listed impairment, SSR 12-2p clarifies that the ALJ must "determine whether [fibromyalgia] medically equals a listing . . . , or whether it medically equals a listing in combination with at least one other medically determinable impairment."  SSR 12-2p, 2012 WL 3104869, at *6.  The ALJ did not undertake this analysis.

Instead, the ALJ merely stated that "[n]o specific listing applied to fibromyalgia and none was considered."  (R. at 16.)  The Court, therefore, cannot determine whether the ALJ would have found that Plaintiff was disabled if she had followed SSR 12-2p and considered whether Plaintiff's fibromyalgia "medically equals a listing" alone or in

combination with another impairment.  See *Frantz*, 509 F.3d at 1302.

The Court finds that remand on this issue is appropriate.  See *Frantz*, 509 F.3d at1302.  Because this issue alone requires remand, the Court need not address the other arguments raised by Plaintiff.  See *Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (when the ALJ's error affected the analysis as a whole, court declined to address other issues raised on appeal); *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").  The Court expresses no opinion as to Plaintiff's other arguments and neither party should take the Court's silence as tacit approval or disapproval of how the evidence was considered.  The Court does not intend by this opinion to suggest the result that should be reached on remand; rather, the Court encourages the parties, as well as the ALJ, to consider the evidence and the issues anew.

## IV.  CONCLUSION

For the reasons set forth above, the Commissioner's decision is VACATED and this case is REMANDED to the Commissioner for rehearing.

Dated this 28th day of February, 2014.

BY THE COURT:

_____
William J. Martinez
United States District Judge