**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0718-WJM

TIFFANY SCHUSTER,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES
PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

On February 28, 2014, the Court vacated the Commissioner's denial of benefits to the Plaintiff and remanded this action for further proceedings. (ECF No. 23.) This matter is now before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("Motion"). (ECF No. 25.) For the following reasons, the Motion is granted.

### I.  LEGAL STANDARD

The Equal Access to Justice Act ("EAJA") requires that a court "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). "The Government bears the burden of showing that its position was substantially justified. . . . The test for substantial justification in this circuit is one of reasonableness in law and fact." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

## II.  ANALYSIS

The Court remanded this action to the Commissioner for further proceedings because the Administrative Law Judge ("ALJ") did not have the benefit of Social Security Ruling ("SSR") 12-2p, Titles II and XVI: Evaluation of Fibromyalgia when rendering her decision.  (ECF No. 23.)  SSR 12-2p, which was issued after the ALJ published her decision, clarifies that because fibromyalgia is not a listed impairment, the ALJ must "determine whether [fibromyalgia] medically equals a listing . . ., or whether it medically equals a listing in combination with at least one other medically determinable impairment."  SSR 12-2p, 2012 WL 3104869, at *6.

Although the Commissioner argued that the ALJ's decision was consistent with SSR 12-2p (ECF No. 18), the Court found that the ALJ did not undertake the appropriate analysis.  (ECF No. 23 at 5.)  As a result, the Court could not determine whether the ALJ would have found that Plaintiff was disabled if she had followed SSR 12-2p and considered whether Plaintiff's fibromyalgia "medically equals a listing" alone or in combination with another impairment.  (*Id.* at 5-6.)

In opposing the request for attorney's fees, the Commissioner has essentially repeated the same arguments made in the Commissioner's Response Brief on the merits.  What he has failed to do is demonstrate that his legal position in this case was substantially justified.  While the Court understands that, in some cases, the Commissioner's position could be substantially justified despite ultimately losing on the merits, that is not so in this particular case.  Given the basis for the Court's decision on the merits, reiterated above, the Court finds that Plaintiff is entitled to an award of attorney's fees under EAJA.

Plaintiff's Motion requests attorney's fees in the amount of $6,367.87 for 33.6 hours of work at $187.02 per hour and .7 hours in paralegal time. (ECF No. 26 at 8-9.) The Commissioner presents no specific argument challenging this hourly rate or the reasonableness of the amount of time purportedly spent by Plaintiff's counsel on the matter; the Commissioner argues only that the Government's position on the merits was substantially justified. (ECF No. 27.) The Court, therefore, finds it appropriate to award the full amount of fees requested by Plaintiff.

In Plaintiff's Reply, Plaintiff also seeks reimbursement for the additional 1.2 hours spent drafting Plaintiff's Reply on the attorney's fees issue, totaling an additional $224.42 in requested attorney's fees. (ECF No. 28 at 5.) The Court also finds it appropriate to award this additional amount. *See Commissioner v. Jean*, 496 U.S. 154 (1990) (holding that fees awarded under EAJA may include the fees incurred in litigating the fee dispute itself); *Brodeur v. Astrue*, 2010 WL 4038611, at *1 (D. Colo. Oct. 14, 2010) (awarding Plaintiff's entire fee request, including fees based on time spent in connection with Plaintiff's Reply to Defendant's Objection to Motion for EAJA Fees).

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (ECF No. 25) is GRANTED; and

2. Defendant shall pay attorney's fees under the Equal Access to Justice Act in the amount of $6,592.29 made payable to Plaintiff and delivered to Plaintiff's attorney.

Dated this 3rd day of October, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge

4